IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR R. MARSHALL,

      Plaintiff,

v.  No. 1:23-cv-00494-JFR

C. SHANNON BACON, Chief Justice
of the Supreme Court of New Mexico;
MIKE HAMMAN, State Engineer
of the State of New Mexico;
ROLF SCHMIDT-PETERSEN, Director
of the New Mexico Interstate Stream Commission;
HOWARD THOMAS, Chair
of the Disciplinary Board of New Mexico;
ANNE L. TAYLOR, Chief Disciplinary Counsel
For the Disciplinary Board; and
JANE GAGNE, Assistant Disciplinary Counsel
for the Disciplinary Board;

      Defendants,
      in their official capacities only.

## MEMORANDUM OPINION AND ORDER

Plaintiff, who is proceeding *pro se*, is an attorney who was authorized to practice law in this Court but has been suspended indefinitely from the practice of law in this Court. *See* Doc. 9, filed June 23, 2022, in *In re: Victor R. Marshall*, No. 1:22-mc-00018-WJ.

The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 5, filed June 9, 2023. Plaintiff has paid the filing fee. *See* Doc. 3, filed June 7, 2023. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

**The Complaint**

The Court has an affirmative duty to ensure that this case "is resolved not only fairly, but also without undue cost or delay."  Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment.  Plaintiff, as an attorney albeit suspended, shares that responsibility.  *See* Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022) ("Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico*").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The 107-page Complaint, which contains 370 paragraphs with 347 pages of exhibits, is not a "short and plain statement" under Rule 8.  Much of the Complaint is legal argument.

Defendants cannot reasonably prepare responses because many of the allegations are not necessary to state a claim.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); Fed. R. Civ. P. 12(f) ("The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter").  Instead of striking the irrelevant allegations, the Court orders Plaintiff to file an amended complaint which does not exceed 35 pages.

Plaintiff alleges that "new rules" "were first used against [Plaintiff], and now they have been institutionalized and extended to all attorneys, by two decisions written by Chief Justice

Shannon Bacon in March 2023: *In re Marshall*, 2023-NMSC-006 and 2023-NMSC-009." Complaint at 3, ¶ 1.  The Complaint asserts 15 causes of action, many of which allege that "the new rules and sanctions" violate Plaintiff's civil rights.  *See* Complaint at 102-105.  Plaintiff seeks declaratory and injunctive relief regarding the "new rules" but does not clearly identify those rules.  The amended complaint must clearly set forth the "new rules" to give Defendants fair notice of what Plaintiff's claims are and the grounds upon which they rest.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Communication with the Court**

On June 16, 2023, the undersigned received an email from Plaintiff stating, among other things: "I'm requesting an [sic] CM/ECF account authorization.  Is there some way to arrange this?"  *See* Attachment.

> The Court notifies Plaintiff of the following regarding communications with the Court:
>
> Attorneys and *pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff.  *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party.
>
> Any communication between the assigned judge and a *pro se* litigant should be in writing, and a copy of the communication should be sent to the opposing party or, if represented, to that party's attorney.  The letter to the judge should indicate that a copy has been sent to the opposing party.  Telephone or personal contact with the judge's staff should be limited to specific scheduling inquiries.

Guide for Pro Se Litigants at 11-12.

Parties may not file documents by sending them to the undersigned or his chambers; documents to be filed must be either mailed or delivered in person to the Clerk of Court.  Any documents sent to the undersigned or his chambers for filing in this case will not be filed.

> Unless otherwise directed, all communication to the court should be addressed to the Clerk of Court, United States District Court, District of New Mexico, using the address for the division [Albuquerque, Las Cruces or Santa Fe] where the subject case has been assigned.

3

Guide for Pro Se Litigants at 5 (providing the Albuquerque, Las Cruces and Santa Fe addresses).

The Court notifies Plaintiff that if he ignores Court Orders, improperly sends documents to the undersigned or his chambers, or improperly communicates with the Court *ex parte*, the Court may impose filing restrictions and impose other sanctions to deter such improper behavior.

**Electronic Filing**

Plaintiff registered for and obtained a CM/ECF account for electronic filing prior to his suspension from the practice of law in this Court. The Court authorizes Plaintiff to use that account to file electronically in this case only. The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual.

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint, not exceeding 35 pages. Failure to timely file an amended complaint may result in dismissal of this case.

(ii) Plaintiff Victor R. Marshall is authorized, and the Clerk's Office shall make the necessary arrangements to permit Plaintiff, to use his existing CM/ECF account to file electronically in this case only.

_____
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT

**From:** victor@vrmarshall.com<victor@vrmarshall.com>
**Sent:** Friday, June 16, 2023 11:48 AM
**To:** NMDml_MagistrateJudgeRobbenhaar'sChambers<RobbenhaarChambers@nmd.uscourts.gov>
**Cc:** NMDdb_CMECFHelpdesk<cmecf@nmd.uscourts.gov>; ShirleyMeridith <shirley@vrmarshall.com>; MarshallVictor<victor@vrmarshall.com>

**Subject:** Case no. 1:23-cv-00494 Marshall v. Bacon et al - 28 U.S.C. 1915 review is not necessary.

Dear Judge Robbenhaar -

I have just received notice that my case has been sent to you for 28 U.S.C. 1915 review. Please be advised that 28 U.S.C. 1915 review is not necessary, because I have not requested in forma pauperis status.

I am not a prisoner anywhere, and I have paid the filing fee.

I am proceeding pro se, for reasons which are explained in the complaint.

I think that the confusion results from the instructions we received from the clerk's office. As soon as my staff and I mentioned "pro se," they directed us to file my complaint through the pro se portal. And they said that we had to file the complaint and exhibits in paper, even though we have prepared conforming PDF files for electronic filing.

We have signed up for e service.

I'm requesting an CM/ECF account authorization. Is there some way you can arrange this?

It would be a great help to everyone to file electronically. For one thing, the files from the paper scans are huge, and they have some OCR errors. Also, I have 1 audio exhibit and 1 video exhibit which need to be filed electronically.

My assistant Shirley Meridith has been a practicing law librarian and paralegal for more than 48 years, and I practiced law in state and federal courts for more than 45 years, so we are able to make proper filings that conform to court rules. All we need is e authorization.

Thank you very much


Victor R. Marshall

victor@vrmarshall.com

cell 505-250-7718
office 505-332-9400