IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR R. MARSHALL,

       Plaintiff,

v.                                                                    No. 1:23-cv-00494-MIS

C. SHANNON BACON, Chief Justice
of the Supreme Court of New Mexico;
MIKE HAMMAN, State Engineer
of the State of New Mexico;
ROLF SCHMIDT-PETERSEN, Director
of the New Mexico Interstate Stream Commission;
HOWARD THOMAS, Chair
of the Disciplinary Board of New Mexico;
ANNE L. TAYLOR, Chief Disciplinary Counsel
For the Disciplinary Board; and
JANE GAGNE, Assistant Disciplinary Counsel
for the Disciplinary Board;

       Defendants,
       in their official capacities only.

**ORDER CONSTRUING PLAINTIFF'S LETTER AS A MOTION FOR RECUSAL, DENYING THE CONSTRUED MOTION FOR RECUSAL WITHOUT PREJUDICE, AND PROVIDING ALL PARTIES LEAVE TO FILE A MOTION TO DISQUALIFY THE UNDERSIGNED UNITED STATES DISTRICT JUDGE WITHIN FOURTEEN DAYS OF THIS ORDER**

On September 19, 2023, Plaintiff filed a Letter requesting that an out-of-district Judge be assigned to preside over this case. *See* ECF No. 59. Plaintiff makes his request "due to the concerns raised by Judge Browning, the unusual nature of this case" and to avoid unspecified "tangential questions."

First, the Court understands the Letter was filed as a response to a similarly styled filing from Judge James O. Browning, ECF No. 55. All future correspondence from the parties, however, should take the form of appropriately stylized (and appropriately titled) legal memoranda.

The Court construes Plaintiff's Letter as a Motion for Recusal applicable to every federal judge in the District of New Mexico. The Court has considered Plaintiff's Letter and finds his

request to be without merit. The construed Motion is therefore **DENIED WITHOUT PREJUDICE**.

In the interest of transparency, however, I write to inform both parties of my personal contacts with those individuals who are mentioned in Plaintiff's Amended Complaint, ECF No. 8, and attached Exhibits.

In October 2019, while working in private practice, the firm at which I was employed held a fundraiser for Chief Justice Shannon Bacon's re-election campaign. I did not personally donate to Chief Justice Bacon's campaign. Further, I have no social relationship with Chief Justice Bacon. My interactions with Chief Justice Bacon have been limited to professional events related to the practice of law, and I have never discussed any topic related to the substance of the claims at issue with Chief Justice Bacon.

Bruce Malott is my personal accountant and was the accountant for the law firm at which I was formerly employed. I have no social relationship with Mr. Malott, and I have never discussed Mr. Malott's tenure as Chairman of the Educational Retirement Board nor any of the allegations underlying Plaintiff's claims with Mr. Malott. Mr. Malott is also not a named party to this complaint.

Having reviewed the Code of Conduct for United States Judges, I do not believe my contacts with the aforementioned individuals would affect my impartiality in this case, nor would they warrant recusal under Code of Conduct 3(C)(1).

Further, Judge James O. Browning's concerns regarding the possibility of Magistrate Judge Gregory Fouratt testifying are well taken. ECF No. 54. However, having reviewed Plaintiff's (expansive) Amended Complaint and attached Exhibits, the Court understands Plaintiff's claim to be a facial challenge to the constitutionality of what Plaintiff terms "new rules" promulgated by the New Mexico Supreme Court. As such, the Court foresees no

circumstance in which Magistrate Judge Gregory Fouratt would be called upon to serve as a witness in this case.

Therefore, the Court does not find remittal under Canon 3(D) of the Code of Conduct for United States Judges is warranted.

It is **HEREBY ORDERED** that all Parties that seek disqualification of the undersigned shall, within fourteen days of the date of this order, file any motion for disqualification. Any motions must clearly state with specificity the reasons for disqualification including but not limited to identification of potential witnesses (and a reasonable explanation as to why they may be called as a witness), description of any "tangential questions," and explanation regarding "involvement" with non-defendants not mentioned in the Amended Complaint that any Party believes justifies disqualification.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE