## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

VICTOR R. MARSHALL,

        Plaintiff,

v.                                  No. 1:23-cv-00494-MIS

C. SHANNON BACON, Chief Justice
of the Supreme Court of New Mexico;
MIKE HAMMAN, State Engineer
of the State of New Mexico;
ROLF SCHMIDT-PETERSEN, Director
of the New Mexico Interstate Stream Commission;
HOWARD THOMAS, Chair
of the Disciplinary Board of New Mexico;
ANNE L. TAYLOR, Chief Disciplinary Counsel
for the Disciplinary Board; and
JANE GAGNE, Assistant Disciplinary Counsel
for the Disciplinary Board;

        Defendants,
        in their official capacities only.

## <u>OMNIBUS ORDER</u>

This matter is before the Court on four Motions from Plaintiff: a Motion for Disqualification or Recusal Under 28 U.S.C. § 455, ECF No. 82 ("§ 455 Motion"); a Motion for Disqualification under 28 U.S.C. § 144, ECF No. 83 ("§ 144 Motion"); a Motion for Assignment of Out of District Judge Pursuant to 28 U.S.C. § 292(b), ECF No. 84 ("§ 292(b) Motion"); and a Motion for Reconsideration, ECF No. 85. Defendant Shannon Bacon filed one Response concerning all four Motions. ECF No. 86. Defendants Mike Hamman, Rolf Schmidt-Petersen, Howard Thomas, Anne L. Taylor, and Jane Gagne (collectively, "State Defendants") filed two Responses: one addressing Plaintiff's first three Motions, ECF No. 88, and one addressing Plaintiff's Motion for Reconsideration, ECF No. 87. Plaintiff filed one Reply in support of all four Motions. ECF No. 89.

Upon due consideration of the parties' submissions, the record, and the relevant law, the Court will **DENY** Plaintiff's Motions.

## I.  BACKGROUND

A more expansive discussion of the factual background to this case can be found in the Court's Order Granting Defendants' Motions to Dismiss, ECF No. 80. Those facts salient to this Court's disposition of the instant motions are as follows:

The New Mexico Supreme Court indefinitely suspended Plaintiff from the practice of law (for a period of no less than eighteen months) on January 13, 2022. *See In re Marshall*, 528 P.3d 653, 669-70 (N.M. 2023).[1] Plaintiff was suspended for repeatedly attacking the integrity and impartiality of various judges presiding over different stages of a New Mexico state water-rights case in which Plaintiff served as counsel. *See id*. Plaintiff appealed his suspension to the United States Supreme Court, which denied certiorari. *Marshall v. S. Ct. of N.M.*, 142 S. Ct. 2752, 2752 (2022). Plaintiff then filed the underlying Complaint giving rise to this case in federal court. *See* ECF No. 1 (superseded by Plaintiff's Amended Complaint, ECF No. 8).

Plaintiff's underlying Amended Complaint alleged a vast conspiracy perpetrated by (1) the judges overseeing Plaintiff's underlying water rights case in New Mexico state court; (2) various New Mexico politicians and state employees (including State Defendants); and (3) Defendant Shannon Bacon, Chief Justice of the New Mexico Supreme Court. *See generally* ECF No. 8. All Defendants filed Motions to Dismiss Plaintiff's Complaint. *See* ECF Nos. 20, 21, 22.

---

[1] Courts may consider documents reflecting facts that "are a matter of public record" for the purpose of "show[ing] their contents, not to prove the truth of the matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). This includes another court's publicly filed records "concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

District Judge James O. Browning was formerly assigned to oversee this case. *See* ECF No. 50. After his assignment, Judge Browning issued a letter, ECF No. 54, in which he identified (extensive) interactions with various parties named in the Amended Complaint (to include Plaintiff); expressed that he did not believe that he was required to withdraw from the case pursuant to the Code of Conduct for United States Judges; and determined that recusal was nevertheless warranted given Plaintiff's identification of Magistrate Judge Gregory Fouratt in the Amended Complaint, and his "concern[] about Judge Fouratt being called as a witness."[2] ECF No. 54 at 1, 3.

This case was then assigned to the undersigned. ECF No. 58. Given the undersigned's past interactions with two of the parties identified in Plaintiff's voluminous Amended Complaint, the undersigned disclosed such interactions and granted the parties fourteen days in which to file any motions for disqualification of the undersigned. ECF No. 71 at 3. No party filed such motion within that period. Plaintiff did file a Motion for Designation of Out of District Judge within the allotted period. ECF No. 73. The Court denied that Motion. *See* ECF No. 79.

The Court then granted all Defendants' motions to dismiss. ECF No. 80. The Court found, *inter alia*, that (1) Plaintiff failed to satisfy the requirements of Federal Rule of Civil Procedure 12(b)(6) with regards to his claims against certain state employee Defendants, *id*. at 14; (2) the disciplinary board Defendants had sovereign immunity, *id*. at 17; and (3) this Court had no jurisdiction over Plaintiff's claims regarding Defendant Bacon under the *Rooker-Feldman* doctrine, *id*. at 20.

Following the Court's dismissal of Plaintiff's claims, Plaintiff filed the four Motions currently before the Court. Plaintiff largely reiterates the same arguments regarding alleged bias

---

[2] Respectfully, the undersigned can foresee no scenario in which Judge Fouratt could be called as a witness in this case.

by the undersigned as raised in his Motion for Designation of Out of District Judge, ECF No. 73. *See* ECF Nos. 82, 83, 84, 85. Defendants dispute Plaintiff's allegations of bias and request that this Court reject Plaintiff's various motions. *See* ECF Nos. 86, 87, 88.

## II. ANALYSIS

The Court denies Defendant's § 455 Motion, ECF No. 82, because it is untimely. The Court denies Plaintiff's § 144 Motion, ECF No. 83, because it is both untimely and does not fulfil the statutory requirements of 28 U.S.C. § 144. The Court denies Defendant's § 292(b) Motion, ECF No. 84, because it is substantively the same as the Motion for Assignment of an Out of District Judge, ECF No. 73, already denied by this Court. Finally, because Plaintiff fails to satisfy the requisite criteria to justify reconsideration under Federal Rules of Civil Procedure 59 or 60, the Court denies Plaintiff's Motion for Reconsideration, ECF No. 85.

### A. Plaintiff's § 455 Motion is untimely

Plaintiff's first of the instant four motions invokes 28 U.S.C. § 455 in moving for the undersigned's disqualification or recusal. *See* ECF No. 82 at 1. Plaintiff's motion is untimely.

Although Plaintiff fails to expressly identify the specific subsection of § 455 which would create grounds for the undersigned's recusal in this case, Plaintiff specifically quotes § 455(a), which "requires recusal or disqualification of any judge from 'any proceeding in which [their] impartiality might reasonably be questioned.'" ECF No. 82 at 1 (quoting 28 U.S.C. § 455(a)). In addition to that subsection, Plaintiff obliquely appears to invoke § 455(b)(1), which mandates that judges disqualify themselves in instances where they have "a personal bias or prejudice concerning a party." *See id.* at 2-3 ("[T]he judge has significant extrajudicial knowledge about Shannon Bacon[.]")

On September 21, 2023, this Court ordered "that all Parties that seek disqualification of the undersigned shall, within fourteen days of the date of this order, file any motion for disqualification." ECF No. 71 at 3. No party filed any such motions within the Court's deadline.

Rather, on September 29, 2023, Plaintiff filed a Motion for Designation of Out of District Judge, ECF No. 73. In that Motion, Plaintiff claimed that "plaintiff – and the defendants – retain the right to file disqualification motions at a later time under 28 U.S.C. § 455 or 28 U.S.C. § 144." ECF No. 73. Plaintiff cited no case law supporting his ability to circumvent this Court's deadlines regarding such motions.

The Court denied Plaintiff's Motion on November 15, 2023, finding that "the present case warrants neither recusal nor remittal under the Code of Conduct for United States Judges . . . [n]or does it warrant assignment of an out of district judge." ECF No. 79 at 4.

Plaintiff filed no motions for recusal until December 13, 2023—long after the deadline established by this Court to file such motions had passed, and only after his claims had been dismissed. Plaintiff now alleges that "Court records show that the judge acted to dismiss the case in haste . . . thereby preventing plaintiff from filing the disqualification motion which he had stated that he intended to file." ECF No. 82 at 12.  Plaintiff's statement of intent, however, has no effect on the deadlines expressly imposed by this Court.

The Tenth Circuit has made clear that motions made under § 455(a) must be timely filed. *See United States v. Cooley*, 1 F.3d 985, 992-93 (10th Cir. 1993). As to motions made under § 455(b), this Court has yet to find Tenth Circuit precedent establishing the same. However, every court faced with the question of timeliness as applied to § 455(b) has found that motions made pursuant to § 455(b) must be timely filed. *See Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 168 (4th Cir. 2014) ("[W]e conclude that § 455(b), like § 455(a), includes a

timely-filing requirement"); *United States v. York*, 888 F.2d 1050, 1055 (5th Cir. 1989) ("[I]t is more consistent with the legislative purposes underlying the entirety of section 455 for us to construe both subsections (a) and (b) as requiring timeliness."); *Summers v. Singletary*, 119 F.3d 917, 920 (11th Cir. 1997) ("[W]e now hold that timeliness is a component of § 455(b)."); *see also In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 932 (2d Cir. 1980) (holding that timeliness is required under § 455, without delineating between subsections (a) and (b)); *Molina v. Rison*, 886 F.2d 1124, 1131 (9th Cir. 1989) (same).

The Court concurs with that wealth of caselaw. Indeed, this understanding of § 455 is eminently reasonable: litigants cannot await the outcome of judicial proceedings, only to file motions for recusal in the event of an unfavorable judgment. As articulated by the Second Circuit, "[a] major practical reason for the timeliness requirement is that the granting of a motion to recuse necessarily results in a waste of the judicial resources which have already been invested in the proceeding." *In re Int'l Bus. Machs. Corp.*, 618 F. 2d at 933.

Given Plaintiff's representations about the potential for judicial bias, this Court established clear deadlines for any disqualification motions to be filed, seeking to avoid exactly the kind of wasteful expenditure of judicial resources that would come from conducting proceedings that would otherwise be nullified by the undersigned's recusal.

Plaintiff, however, failed to file any § 455 motions within the deadlines established by this Court. Only after the unfavorable resolution of his motion to appoint a judge from outside of New Mexico to oversee this litigation, as well as the dismissal of his claims, did he file any such motion. This is exactly the kind of attempt to take another bite at the apple that a § 455 timeliness requirement is designed to prevent. As such, Plaintiff's § 455 Motion must be **DENIED**.

**B. Plaintiff's § 144 Motion is untimely and procedurally inadequate**

The second of Plaintiff's four Motions invokes 28 U.S.C. § 144 in moving for the undersigned's disqualification. *See* ECF No. 83 at 1. That statute holds as follows:

> Whenever a party to any proceeding in a district court makes and files a *timely and sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144 (emphasis added).

Unlike § 455, § 144 expressly includes a timeliness requirement. *See* 28 U.S.C. § 144. For the reasons outlined *supra* Section II.A, Plaintiff's § 144 motion is untimely.

Further, motions made pursuant to § 144 also require an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists . . . accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.* Plaintiff's Motion contains no such certificate—nor could it, given his *pro se* status. *See Williams v. New York City Hous. Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) ("A *pro se* party cannot supply a certificate of counsel.").

Plaintiff acknowledges this shortcoming. *See* ECF No. 83 at 3. However, he seeks to elide § 144's statutory requirement by arguing that "any new attorney representing [Plaintiff] would be subject to the same sanctions, if the attorney repeated any of the facts or law in [Plaintiff's] defense." *Id.* This argument, however, does not relieve Plaintiff of his burden under 28 U.S.C. § 144.

Plaintiff's § 144 Motion is thus both untimely *and* statutorily insufficient. As such, it does not trigger § 144's requirement for another judge to be assigned to hear such proceedings and is hereby **DENIED**.

**C. Plaintiff's § 292(b) Motion**

In addition to moving for recusal or disqualification of the undersigned, Plaintiff also moves for the assignment of a judge from outside the District of New Mexico under 28 U.S.C. § 292(b). ECF No. 84 at 1. As discussed *supra*, Plaintiff has already moved for the assignment of an out-of-district judge pursuant to 28 U.S.C. § 292(b). *See* ECF No. 73. The Court denied that motion, finding that such an extraordinary step was entirely unwarranted. *See* ECF No. 79 at 4.

Plaintiff here cites no law or facts which would justify a change in the Court's analysis and argues only that "[i]t is inevitable that every judge in New Mexico will have had significant dealings with some or all of the people named in the complaint." ECF No. 84 at 3. Given that Plaintiff's § 292(b) Motion substantively parallels the one already filed by Plaintiff and denied by this Court, the Court **DENIES** Plaintiff's § 292(b) Motion.

### D.  Plaintiff's Motion for Reconsideration

Finally, Plaintiff moves the Court to reconsider and withdraw its rulings pursuant to Federal Rules of Civil Procedure 59(e)[3] and 60(b), which provide distinct avenues for relief from a court's final judgment. *See* ECF No. 85 at 1. Over the course of his Motion for Reconsideration, Plaintiff collapses his analysis of both Rules. The Court thus analyzes each in turn and finds that Plaintiff is not entitled to relief under either rule.

Rule 59 of the Federal Rules of Civil Procedure allows for the alteration or amendment of a judgment upon motion filed within 28 days of the entry of that judgment. *See* Fed. R. Civ. P. 59(e). Reconsideration under Rule 59(e) "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed[.]" *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Motions to

---

[3] Although Plaintiff identifies his Motion as arising under several subsections of Rule 59, only subsection (e) is applicable in the present instance.

reconsider that seek to relitigate facts without "any legal theory which could conceivably refute the district court's disposition" are frivolous. *Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1249 (10th Cir. 2007).

Plaintiff's Motion makes no attempt to invoke controlling law this Court may have overlooked. Rather, Plaintiff claims that the Court's rulings were made "while the Court was unaware of many of the underlying facts that warrant recusal." ECF No. 85 at 2. In support of this argument, Plaintiff merely reiterates his generalized allegations of bias and conspiracy, alleging that the exhibits attached to his previous filings "show that Shannon Bacon, Bruce Malott, and Greg Fouratt were involved in the events that ultimately give rise to this controversy." *Id*. They do not—and they are not "new facts" sufficient to justify relief under Rule 59(e).

As to Rule 60, subsection (b)(6) allows reviewing courts to relieve parties from final judgments for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). That subsection has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (citation omitted). "[R]elief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).

Plaintiff falls far short of identifying any such circumstances here. Specifically, Plaintiff reiterates his allegations of bias and cites to Rule 60(b)(6) cases in which the failure of judges to recuse pursuant to § 455 was later deemed to be a mistake. Here, as an initial matter preventing relief under 60(b)(6), the Court finds that recusal under § 455 is not warranted. Rather, the Court finds the opposite: that allowing Plaintiff to file his post-judgment motion for recusal would run counter to the very reasons that courts have long interpreted § 455 as carrying an implicit

timeliness requirement. Given that Plaintiff is not entitled to recourse under § 455, it cannot follow that he would be entitled to relief under Rule 60.

As Plaintiff fails to demonstrate grounds for relief under either Rule 59 or 60, Plaintiff's Motion for Reconsideration is **DENIED**.

## III.   CONCLUSION

For the foregoing reasons, it is **HEREBY ORDERED** that Plaintiff's Motion for Disqualification or Recusal Under 28 U.S.C. § 455, ECF No. 82; Plaintiff's Motion for Disqualification under 28 U.S.C. § 144, ECF No. 83; Plaintiff's Motion for Assignment of Out of District Judge Pursuant to 28 U.S.C. § 292(b), ECF No. 84; and Plaintiff's Motion for Reconsideration, ECF No. 85, are **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE